

**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA CLEARY,

        Plaintiff,

v.

CISCO SYSTEMS, INC. and
PAUL KURTZ,

        Defendants.

U.S. District Court No. 20-10071

Honorable Linda V. Parker
Honorable David R. Grand

| DEBORAH GORDON LAW | KIENBAUM HARDY VIVIANO |
|---|---|
| Deborah L. Gordon (P27058) |  PELTON & FORREST, P.L.C. |
| Elizabeth Marzotto Taylor (P82061) | By:  Elizabeth Hardy (P37426) |
| Alana A. Karbal (P82908) |        Thomas J. Davis (P78626) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 33 Bloomfield Hills Parkway, Ste. 220 | 280 N. Old Woodward Avenue Suite 400 |
| Bloomfield Hills, MI 48304 | Birmingham, MI 48009 |
| (248) 258-2500 | (248) 645-0000 |
| dgordon@deborahgordonlaw.com | ehardy@khvpf.com |
| amarzottotaylor@deborahgordonlaw.com | tdavis@khvpf.com |
| akarabal@deborahgordonlaw.com | |

**Declaration of June Haase**

1. I make this declaration based on personal knowledge of the facts stated herein, and am able to so testify under oath if called upon to do so.

2. I am an Analyst, Business Operations at Cisco Systems, Inc. ("Cisco"). I have held that position since approximately November 2016.

3. Cisco is a multi-national corporation headquartered in California. It has 274 offices in 96 countries throughout the world. Among other things, Cisco develops, manufactures, and sells networking hardware, software, and telecommunications equipment worldwide.

4. I am familiar with Cisco's records and recordkeeping practices.

5. Attached as Exhibit 1 to this declaration is the arbitration demand of Patricia Cleary against Cisco, filed by Deborah Gordon of the Deborah Gordon Law Firm, and dated September 22, 2008. The arbitration demand included a copy of an arbitration agreement between Cleary and Cisco, which is part of Exhibit 1.

6. Litigation records such as this arbitration demand, once transmitted from Cisco's registered agent for service of process, are kept in the course of Cisco's regularly conducted activity, and as a regular practice of Cisco's business activity.

7. The arbitration initiated by Ms. Cleary in 2008 was resolved in 2009. The terms are confidential.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 4, 2020

_____
June Haase

361387

2

# EXHIBIT 1

## to

## Declaration of June Haase



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

SXY / ALL
Transmittal Number: 6055898
Date Processed: 09/22/2008

| | |
|---|---|
| **Primary Contact:** | Mark Michels<br>Cisco Systems, Inc.<br>170 West Tasman Drive<br>Building 10<br>San Jose, CA 95134-1706 |
| **Entity:** | Cisco Systems, Inc.<br>Entity ID Number  0197735 |
| **Entity Served:** | Cisco Systems, Inc. |
| **Title of Action:** | Patricia Cleary vs. Cisco Systems, Inc. |
| **Document(s) Type:** | Arbitration Demand |
| **Nature of Action:** | Labor / Employment |
| **Jurisdiction Served:** | Michigan |
| **Date Served on CSC:** | 09/22/2008 |
| **Answer or Appearance Due:** | Other/NA |
| **Originally Served On:** | CSC |
| **How Served:** | Regular Mail |
| **Sender Information:** | Deborah L. Gordon<br>248-258-2500 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

LAW OFFICE OF
# DEBORAH L. GORDON

DEBORAH L. GORDON · CAROL A. LAUGHBAUM · SARAH S. PRESCOTT · SHARON DOLENTE

33 BLOOMFIELD HILLS PARKWAY, SUITE 275 · BLOOMFIELD HILLS, MICHIGAN 48304
TELEPHONE (248) 258-2500 · FACSIMILE (248) 258-7881 · WWW.DEBORAHGORDONLAW.COM

September 19, 2008

American Arbitration Association
Northeast Case Management Center
950 Warren Avenue, 4th Floor
East Providence, Rhode Island 02914

**Re:   Claimant - Patricia Cleary**
       **Respondent - Cisco Systems, Inc.**

Dear Sir/Madam:

My office has been retained to represent Patricia Cleary with regard to claims pertaining to her employment and termination from employment with Cisco Systems, Inc.

Pursuant to the arbitration provision in her employment application, we are filing a demand for arbitration. Enclosed please find two (2) copies of the Demand with Arbitration Agreement attached, along with our check in the amount of $150.00. We have forwarded the original demand to Respondent's resident agent.

If you have any questions, please contact Sarah Prescott at 248-258-2500. Thank you for your attention to this matter.

Sincerely,

**DEBORAH L. GORDON, PLC**

Deborah L. Gordon

/lwe
Enclosures

**Copy to:**  Cisco Systems, Inc. c/o Resident Agent
             Patricia Cleary (w/Demand)

 American Arbitration Association
*Dispute Resolution Services Worldwide*

## Employment Arbitration Rules and Mediation Procedures

*MEDIATION: If you would like the AAA to contact the other parties and attempt to arrange a mediation, please check this box.* ☐
*There is no additional administrative fee for this service.*

| Name of Respondent<br>Cisco Systems, Inc. | | | Name of Representative (if known)<br>PRENTICE-HALL CORPORATION SYSTEM, INC. | | |
|---|---|---|---|---|---|
| Address:<br>170 West Tasman Drive | | | Name of Firm (if applicable) | | |
| | | | Representative's Address<br>601 Abbot Road | | |
| City<br>San Jose | State<br>CA | Zip Code<br>95134 | City<br>East Lansing | State<br>MI | Zip Code<br>48823 |
| Phone No.<br>(408) 526-4000 | | Fax No. | Phone No. | | Fax No. |
| Email Address: | | | Email Address: | | |

The named claimant, a party to an arbitration agreement dated UNKNOWN_____, which provides for arbitration under the Employment Arbitration Rules and Mediation Procedures of the American Arbitration Association, hereby demands arbitration.

THE NATURE OF THE DISPUTE
Sex/gender discrimination, sexual harassment, and retaliation for filing a complaint objecting to sex/gender discrimination and harassment.

| Dollar Amount of Claim $ 500,000.00 | Other Relief Sought: ☒Attorneys Fees ☒Interest<br>☒Arbitration Costs ☐ Punitive/ Exemplary ☒ Other emotional distres |
|---|---|

AMOUNT OF FILING FEE ENCLOSED WITH THIS DEMAND (please refer to the fee schedule in the rules for the appropriate fee) $

PLEASE DESCRIBE APPROPRIATE QUALIFICATIONS FOR ARBITRATOR(S) TO BE APPOINTED TO HEAR THIS DISPUTE:
Employment discrimination.

Hearing locale Oakland County_____ (check one) ☐ Requested by Claimant ☒ Locale provision included in the contract

| Estimated time needed for hearings overall:<br>____hours or __1-3__days | Claimant ☒ Employee ☐ Employer<br>Respondent ☐ Employee ☒ Employer |
|---|---|

Does this dispute arise out of an employment relationship? ☒ Yes ☐ No

What was/is the employee's annual wage range? Note: This question is required by California law.

☐ Less than $100,000    ☐ $100,000 - $250,000    ☒ Over $250,000

You are hereby notified that copies of our arbitration agreement and this demand are being filed with the American Arbitration Association's Case Management Center, located in (check one) ☐ Atlanta, GA ☐ Dallas, TX ☒ East Providence, RI ☐ Fresno, CA ☐ International Centre, NY, with a request that it commence administration of the arbitration. Under the rules, you may file an answering statement within 15 days after notice from the AAA.

| Signature (may be signed by a representative)    Date:<br>D. L. Gordon | Name of Representative<br>Deborah Gordon and Sarah Prescott |
|---|---|
| Name of Claimant<br>Patricia Cleary | Name of Firm (if applicable)<br>Deborah L. Gordon, PLC |
| Address (to be used in connection with this case)<br>Deborah L. Gordon, PLC, 33 Bloomfield Hills Parkway, Suite 275 | Representative's Address<br>33 Bloomfield Hills Parkway, Suite 275 |

| City<br>Bloomfield Hills | State<br>MI | Zip Code<br>48304 | City<br>Bloomfield Hills | State<br>MI | Zip Code<br>48304 |
|---|---|---|---|---|---|
| Phone No.<br>248-258-2500 | | Fax No.<br>248-258-7881 | Phone No.<br>248-258-2500 | | Fax No.<br>248-258-7881 |
| Email Address:<br>dgordon@deborahgordonlaw.com;sprescott@deborahgordonlaw.co | | | Email Address:<br>dgordon@deborahgordonlaw.com;sprescott@deborahgordonlaw.com | | |

To begin proceedings, please send two copies of this Demand and the Arbitration Agreement, along with the filing fee as provided for in the Rules, to the AAA. Send the original Demand to the Respondent.

Please visit our website at www.adr.org if you would like to file this case online. AAA Customer Service can be reached at 800-778-7879

In the Matter of the Arbitration Between

**PATRICIA CLEARY,**

    Claimant,

vs.

**CISCO SYSTEMS, INC.**
*a foreign corporation.*

    Respondent.

---

**Deborah L. Gordon, PLC**
Deborah L. Gordon (P27058)
Attorney for Claimant
33 Bloomfield Hills Parkway, Suite 275
Bloomfield Hills, Michigan 48304
248-258-2500

---

## ARBITRATION DEMAND

Claimant **Patricia Cleary**, by and through her attorneys, Deborah L. Gordon, PLC, brings this action for discrimination and retaliation under Michigan's Elliott-Larsen Civil Rights Act. These claims arise out of Claimant's employment relationship with Respondent, **Cisco Systems, Inc.**

    **1.**    Claimant files this demand pursuant to the Agreement to Arbitrate Employment Disputes.

    **2.**    This demand does not constitute an admission that Claimant's claims are subject to a mandatory agreement to arbitrate, and by making this demand, Claimant does not intend to waive her right to pursue discrimination claims in state or federal court.

3. Claimant became employed by Respondent on or about November 10, 1998 as a Major Account Manager.

4. ██████████████████████████████████████
██████

5. ██████████████████████████████████████
██████████████████████████.

6. ██████, ████████████████████████████████
██████████████████████████████████████.

7. ██████████████████████████████████████
██████████████████.

8. ██████████████████████████████████████
██████████████████████████.

9. ██████████████████████████████████████
██████████████████████████████████████
██████████████.

10. ██████████████████████████████████████
██████████████████████████████████████
████.

11. ██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████.

## COUNT I
### Elliott-Larsen Civil Rights Act - Gender Discrimination

12. 

13. 

14. 

15. 

16. 

17. 

18. 

19. 

20. 

-3-

██████████████████████████████████

████████████████████████████

## COUNT II
### Elliott-Larsen Civil Rights Act - Retaliation

21. ██████████████████████████████████
████

22. ██████████████████████████████████
██████████████████████████████████
████████████████, ████

23. ██████████████████████████████████
██████████████████████████████████
██████████████████████████████████
████████████.

24. ██████████████████████████████████
██████████████████████████████████.

25. ██████████████████████████████████
██████████████████████████████████
██████████████████████████████████
████████████.

26. ██████████████████████████████████
████████████.

-4-

27. ███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████

### Relief Requested

For all the foregoing reasons, Claimant Patricia Cleary demands judgment against Respondent Cisco Systems, Inc., as follows:

a. Compensatory damages in whatever amount she is found to be entitled.

b. Exemplary damages in whatever amount she is found to be entitled.

c. A judgment for lost wages and benefits, past and future, in whatever amount she is found to be entitled.

d. An award of interest, costs and reasonable attorney fees.

e. Whatever equitable relief appears appropriate at the time of final judgment.

**DEBORAH L. GORDON, PLC**

By: *D. L. Gordon*
Deborah L. Gordon (P27058)
Sarah S. Prescott (P70510)
Attorneys for Claimant
33 Bloomfield Hills Parkway, Suite 275
Bloomfield Hills Michigan 48304
Telephone 248 258 2500

Dated: September 19, 2008

Human Resources
Agreement to Arbitrate

# Agreement to Arbitrate Employment Disputes

This Mutual Arbitration Agreement ("Agreement") is entered into between Cisco Systems, Inc. ("Cisco") and the employee named below ("Employee")

# Agreement to Arbitrate Certain Disputes and Claims

Topics on this Page:
- Agreement to Arbitrate Certain Disputes and Claims
- Final and Binding Arbitration
- Arbitration Procedures
- Place of Arbitration
- Governing Law
- Costs of Arbitration
- Severability
- Complete Agreement
- Knowing Acceptance of Agreement

We agree to arbitrate before a neutral arbitrator any and all disputes or claims arising from or relating to Employee's recruitment to or employment with Cisco, or the termination of that employment, including claims against any current or former agent or employee of Cisco, whether the disputes or claims arise in tort, contract, or pursuant to a statute, regulation, or ordinance now in existence or which may in the future be enacted or recognized, including, but not limited to, the following claims:

- claims for fraud, promissory estoppel, fraudulent inducement of contract or breach of contract or contractual obligation, whether such alleged contract or obligation be oral, written, or express or implied by fact or law;
- claims for wrongful termination of employment, violation of public policy and constructive discharge, infliction of emotional distress, misrepresentation, interference with contract or prospective economic advantage, defamation, unfair business practices, and any other tort or tort-like causes of action relating to or arising from the employment relationship or the formation or termination thereof;
- claims for discrimination, harassment, or retaliation under any and all federal, state, or municipal statutes, regulations, or ordinances that prohibit discrimination, harassment, or retaliation in employment, as well as claims for violation of any other federal, state, or municipal statute, regulation, or ordinance, except as set forth herein;
- claims for non-payment or incorrect payment of wages, commissions, bonuses, severance, employee fringe benefits, stock options and the like, whether such claims be pursuant to alleged express or implied contract or obligation, equity, the California Labor Code, the Fair Labor Standards Act, the Employee Retirement Income Securities Act, and any other federal, state, or municipal laws concerning wages, compensation or employee benefits; and
- claims arising out of or relating to the grant, exercise, vesting and/or issuance of equity in the

Company or options to purchase equity in the Company.

We understand and agree that arbitration of the disputes and claims covered by this Agreement shall be the sole and exclusive method of resolving any and all existing and future disputes or claims arising out of Employee's recruitment to or employment with Cisco or the termination thereof. We further understand and agree that claims for workers' compensation benefits, unemployment insurance, or state or federal disability insurance are not covered by this Agreement and shall therefore be resolved in any appropriate forum, including courts of law, as required by the laws then in effect.

We understand and agree that nothing in this Agreement shall prevent either party from seeking from a court the remedy of an injunction for a claimed misappropriation of a trade secret, patent right, copyright, trademark, or any other intellectual or confidential property. Nothing in this Agreement should be interpreted as restricting or prohibiting the Employee from filing a charge or complaint with a federal, state, or local administrative agency charged with investigating and/or prosecuting complaints under any applicable federal, state or municipal law or regulation. Any dispute or claim that is not resolved through the federal, state, or local agency must be submitted to arbitration in accordance with this Agreement.

We understand and agree that any demand for arbitration by either the Employee or Cisco shall be filed within the statute of limitation that is applicable to the claim(s) upon which arbitration is sought or required. Any failure to demand arbitration within this time frame and according to these rules shall constitute a waiver of all rights to raise any claims in any forum arising out of any dispute that was subject to arbitration.

[ Return to Top ]

# Final and Binding Arbitration

We understand and agree that the arbitration of disputes and claims under this Agreement shall be instead of a trial before a court or jury. We further understand and agree that, by signing this Agreement, we are expressly waiving any and all rights to a trial before a court regarding any disputes and claims which we now have or which we may in the future have that are subject to arbitration under this Agreement.

[ Return to Top ]

# Arbitration Procedures

We understand and agree that the arbitration shall be conducted in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association; provided, however, that the Arbitrator shall allow the discovery authorized by California Code of Civil Procedure section 1283.05 or any other discovery required by law in arbitration proceedings.

Also, to the extent that any of the National Rules for the Resolution of Employment Disputes or anything in this Agreement conflicts with any arbitration procedures required by applicable law, the arbitration procedures required by applicable law shall govern. Employee and Cisco also agree that nothing in this Agreement relieves either of them from any obligation they may have to exhaust certain administrative remedies before arbitrating any claims or disputes under this Agreement.

We understand and agree that the Arbitrator shall issue a written award that sets forth the essential findings and conclusions on which the award is based. The Arbitrator shall have the authority to award any relief authorized by law in connection with the asserted claims or disputes. The Arbitrator's award shall be subject to correction, confirmation, or vacation, as provided by any applicable law setting forth the standard of judicial review of arbitration awards.

[ Return to Top ]

# Place of Arbitration

We understand and agree that the arbitration shall take place in Santa Clara County, California, or, at the Employee's option, the county in which the Employee resides at the time the arbitrable dispute or claim arose.

[ Return to Top ]

# Governing Law

We understand and agree that this Agreement and its validity, construction and performance, as well as disputes and/or claims arising under this Agreement, shall be governed by the laws of the State where Employee primarily works or worked. If the Agreement is not enforceable under these laws, the parties agree to apply applicable federal law.

[ Return to Top ]

# Costs of Arbitration

We understand and agree that Cisco will bear the arbitrator's fee and any other type of expense or cost that the employee would not be required to bear if he or she were free to bring the dispute or claim in court as well as any other expense or cost that is unique to arbitration. Cisco and Employee shall each pay their own attorneys' fees incurred in connection with the arbitration, and the arbitrator will not have authority to award attorneys' fees unless a statute or contract at issue in the dispute authorizes the award of attorneys' fees to the prevailing party, in which case the arbitrator shall have the authority to make an award of attorneys' fees as required or permitted by applicable law. If there is a dispute as to whether Cisco or Employee is the prevailing party in the arbitration,

the Arbitrator will decide this issue.

[ Return to Top ]

# Severability

We understand and agree that if any term or portion of this Agreement shall, for any reason, be held to be invalid or unenforceable or to be contrary to public policy or any law, then the remainder of this Agreement shall not be affected by such invalidity or unenforceability but shall remain in full force and effect, as if the invalid or unenforceable term or portion thereof had not existed within this Agreement.

[ Return to Top ]

# Complete Agreement

We understand and agree that this Agreement contains the complete agreement between Cisco and Employee regarding the subjects covered in it; that it supersedes any and all prior representations and agreements between us, if any; and that it may be modified only in a writing, expressly referencing this Agreement, and signed by the Chief Executive Officer of Cisco and Employee. If this modification has not been signed by the Employee, but the Employee continues to accept employment after having notice of the modification, it shall become effective after a reasonable period.

[ Return to Top ]

# Knowing Acceptance of Agreement

We understand and agree that we have been advised to consult with an attorney of our own choosing before signing this Agreement, and we have had an opportunity to do so. We agree that we have read this Agreement carefully and understand that by signing it, we are waiving all rights to a trial or hearing before a court or jury of any and all disputes and claims subject to arbitration under this Agreement. It is intended that this Agreement shall at all times apply to Cisco and shall immediately apply to Employee upon signing or within a reasonable time following continued employment.

Employee Signature: _____

Employee Name (Please Print): _____

Date: _____

http://wwwin.cisco.com/HR/employee/proprietary_info/agreement2arbitrate.shtml    5/3/2007

```
                                            ★ ★ ★
                                            180           PB8590093
                                            2321  $01.17⁰ SEP 19 08
                                            1049    BLOOMFIELD HILLS, MI  48304
```

LAW OFFICES
DEBORAH L. GORDON, PLC
33 BLOOMFIELD HILLS PARKWAY, SUITE 275
BLOOMFIELD HILLS, MICHIGAN 48304

**Prentice-Hall Corporation System**
**601 Abbot Road**
**East Lansing, MI 48823**