UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA CLEARY,                          U.S. District Court No. 20-10071

            Plaintiff,              Honorable Linda V. Parker
                                          Honorable David R. Grand

v.

CISCO SYSTEMS, INC and
 PAUL KURTZ,

            Defendants.

---

DEBORAH GORDON LAW                 KIENBAUM HARDY VIVIANO
Deborah L. Gordon (P27058)          PELTON & FORREST, P.L.C.
Elizabeth Marzotto Taylor (P82061) By:  Elizabeth P. Hardy (P37426)
Alana A. Karbal (P82908)               Thomas J. Davis (P78626)
Attorneys for Plaintiff            Attorneys for Defendants
33 Bloomfield Hills Parkway,       280 N. Old Woodward Avenue
Ste. 220                           Suite 400
Bloomfield Hills, MI 48304         Birmingham, MI 48009
(248) 258-2500                     (248) 645-0000
dgordon@deborahgordonlaw.com       ehardy@khvpf.com
amarzottotaylor@deborahgordonlaw.com tdavis@khvpf.com
akarabal@deborahgordonlaw.com

---

**Reply Brief in Support of Motion to Compel Arbitration
and Dismiss the Complaint**

**Introduction**

In 2008, Patricia Cleary submitted employment discrimination claims to the American Arbitration Association "[p]ursuant to the arbitration provision" between Cisco and its employees, and *attached* the document to her filing. R. 8-1, Pg ID 59. The arbitration demand itself identified the "Agreement to Arbitrate Employment Disputes" as the operative agreement—the same document attached to the AAA submission. *See id.* at Pg ID 61, 66-69. And the parties, pursuant to this valid and enforceable agreement, arbitrated her claims. Yet now, despite the fact that Cleary has the same attorney now that she did then, her opposition to Cisco's motion to arbitrate under that same agreement never acknowledges these indisputable facts.

Instead, Cleary makes a series of patently untrue assertions, *see* R. 9, Pg ID 76, and then uses her brief to attack these strawmen. Little need be said about these obvious falsehoods. Cisco attached the arbitration agreement to its pending motion. *See* R. 8-1, Pg ID 66-69. Cisco's counsel responded *three times* to Ms. Gordon's request for "proof of the alleged arbitration agreement" only to be ignored. *See* Reply Ex. 1, Emails. And Cisco's motion to compel does not "only" argue estoppel; it argues at length the underlying validity of the arbitration agreement. R. 8, Pg ID 47-51. That Cleary believed that her best chance of avoiding arbitration was to withhold material information from the Court and avoid dealing with reality should tell this Court all it needs to know.

-1-

## Argument

A "plaintiff is deemed to have abandoned a claim where a plaintiff fails to address it in response to a motion for summary judgment." *Brown v. VHS of Mich., Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013). Here, Cisco argued that the parties' arbitration agreement is covered by the Federal Arbitration Act, and that all the essential elements of a valid contract are present: (1) competency, (2) a proper subject matter, (3) consideration, (4) mutuality of agreement, and (5) mutuality of obligation. R. 8, Pg ID 4, 7-10. It also argued that all of Cleary's claims, including those against Mr. Kurtz, are within the scope of the agreement. *Id.* at 10-11.

Apart from a perfunctory argument on mutuality of agreement, Cleary's response brief does not contest—and thus waives—all of the legal points above. And because there was mutuality of agreement as a matter of law, the agreement is valid. This Court should also hold that Cleary is judicially estopped from denying the Agreement's validity, as her current tactics should leave no doubt that she and her counsel are trying to "play fast and loose" with the Court.

## I.   Cleary manifested her assent to the terms of the Arbitration Agreement.

Cleary's entire argument regarding the validity of the arbitration agreement is (1) to pretend that she did not herself attach the Mutual Arbitration Agreement to her 2008 arbitration demand, (2) to claim that the "document" Cisco relies on (*i.e.*, the Arbitration Agreement she refuses to acknowledge) should be disregarded

because it came from Cisco's intranet; and (3) to claim—without a declaration or other evidence—that there is no mutuality of agreement because "the alleged agreement was never offered to Plaintiff." R. 9, Pg ID 80-85. These arguments are all at odds with the record and with controlling law that Cleary simply ignores.

*First*, the entirely unsupported claim that the "alleged agreement was never offered to Plaintiff" is absolutely belied by the fact that *Cleary's own attorney* used that document herself in 2008, attaching it to her arbitration demand and admitting that this was the agreement between the parties. R. 8-1, Pg ID 59, 66-69. There is nothing Cleary can say to dispute this, so she simply ignores this material fact and withholds that information from the Court. Indeed, the fact that Cleary does not submit a sworn declaration for the proposition that she was never "offered" the Agreement strongly suggests she knows her assertion is false, and that she does not want to commit outright perjury. Cleary knew of the Arbitration Agreement.

*Second*, Cleary's long diversion explaining to the Court what an intranet is, and attacking the arbitration agreement because Cisco's policy was on its Intranet is entirely beside the point. As Cisco argued, Michigan permits unilateral contracts whereby an employer can inform an employee, through documents or other informational material, that she will be subject to an arbitration agreement if she continues her employment, *and* that the arbitration agreement will be deemed accepted by continued employment. *Tillman v. Macy's, Inc.*, 735 F.3d 453, 457-60

-3-

(6th Cir. 2013). That information can be provided to an employee on a company intranet. *See, e.g.*, *Seawright v. Am. Gen. Fin. Servs., Inc.*, 507 F.3d 967, 971, 978 (6th Cir. 2007) (compelling arbitration where terms and conditions placed on intranet provided that continued employment would constitute acceptance); *Lancaster v. Comcast Commc'ns Mgmt. LLC*, 2017 WL 3616494, at *3 (E.D. Mich. Aug. 23, 2017) (Hood, J.) (same); *cf. Debro v. French*, 2017 WL 927622, at *3 (E.D. Mich. Feb. 16, 2017) (compelling arbitration where agreement was in the employee handbook, and stated that continued employment would be acceptance).

Ultimately, Cleary is forced to concede that a "party may assent to a contract through conduct." R. 9, Pg ID 84. Instead, she claims that she cannot "assent to an agreement—even through conduct—if the agreement was never sent or otherwise communicated to her." *Id.* But Cleary cannot possibly dispute that the Arbitration Agreement was "sent or otherwise communicated to her" when she is the one who submitted it to the American Arbitration Association herself in 2008. And even if Cleary claims that she had never heard of the Cisco arbitration agreement that had somehow found its way into her attorney's hands, she undoubtedly became aware of the agreement once her attorney invoked it.[1] As Cisco explained in its opening

---

[1] Indeed, under well-established legal principles, Cleary cannot deny knowledge of these facts from the prior litigation. *See, e.g.*, *New York v. Hill*, 528 U.S. 110, 115 (2000) (party "deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'"); *Cruz-Gomez v. Lynch*, 801 F.3d 695, 700 (6th Cir. 2015) (recognizing this "traditional

brief, that Agreement provided that continued employment would be considered assent, and Cleary continued working at Cisco for many years after the 2008 arbitration. She was aware of the agreement and manifested assent. R. 8, Pg ID 9-10. Because Cleary's only challenge to the validity of the agreement is mutual assent, and because she was both aware of the offer and accepted it by continued employment, her challenge to the Agreement's validity must fail. The Court should compel arbitration.

## II.    Judicial estoppel prevents Cleary from denying her agreement.

Because there is no material dispute that the arbitration agreement is valid, *see supra* at Part I, there is no need to invoke judicial estoppel. But estoppel nonetheless applies here, and Cleary's attempts to avoid estoppel fall flat.

Cleary first argues that she never took an inconsistent position because her arbitration complaint contained a disclaimer saying that she did not agree that she was bound by the Agreement she was invoking. R. 9, Pg ID 86. But as Cisco explained, the 2008 disclaimer was ineffective because a party that invokes an arbitration agreement cannot subsequently challenge the validity of that agreement. R. 8, Pg ID 5-7 (citing cases). That, indeed, is a black-letter concept in general contract law: a party cannot simultaneously seek a benefit under a contract while

principle"); *Dodge v. Detroit Tr. Co.*, 300 Mich. 575, 604-04 (1942) (imputing knowledge of lawyer to client in determining validity of a settlement agreement)

claiming they are not bound by it. *See, e.g.*, *Leland v. Ford*, 245 Mich. 599, 622 (1929) (recognizing principle in Michigan law); 31 C.J.S. Estoppel and Waiver § 164 (describing "general rule that a person by accepting the benefits of a transaction is bound by its obligation"). Her positions are thus inconsistent: Cleary said *she* could invoke arbitration under the Agreement, but now says Cisco cannot.

Cleary also claims that she did not have "success" in the arbitration because it was settled. [2] R. 9, Pg ID 88. But "prior success" does "not mean that the party against whom the judicial estoppel doctrine is to be invoked must prevail on the merits." *Reynolds v. C.I.R.*, 861 F.2d 469, 473 (6th Cir. 1988). The main case Cleary cites makes this very point: "judicial acceptance means only that the first court has adopted the position urged by the party, *either as a preliminary matter* or as part of a final disposition." *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 599 n. 5 (6th Cir.1982) (emphasis added). And here, Cleary successfully invoked arbitration under the Agreement by having the arbitral forum accept jurisdiction over her claim, a preliminary procedural matter that was a necessary prerequisite for the arbitration to proceed at all. Thus, in *PolyOne Corp. v. Westlake Vinyls, Inc.*, the Sixth Circuit recognized that, whether called "waiver" or "estoppel," a party that has "*initiated* [an] arbitration" cannot "come back later, before a court,

---

[2] Cleary gratuitously attached an unredacted copy of the settlement agreement to her response, violating its terms. Cisco will address Cleary and her counsel's misconduct in this regard at the appropriate time.

-6-

and deny that [a valid] agreement to arbitrate existed." 937 F.3d 692, 698 (6th Cir. 2019) (emphasis in original).[3] Moreover, in *PolyOne*, the arbitration was still ongoing when the party that had initiated the arbitration sued in federal court to declare the arbitration agreement invalid. *Id.* at 695, 698. It thus follows that the *initiation* of arbitration is the key legal event that allows estoppel to be applied. As Cleary initiated arbitration successfully then, the Court can apply estoppel now.

Ultimately, judicial estoppel is an equitable doctrine, and it is difficult to imagine a more clear-cut inequitable position than "our contract only applies when I want it to." Cleary should be estopped from denying arbitrability here.

### Conclusion

The Court should dismiss Cleary's complaint and require arbitration.

/s/*Elizabeth P. Hardy*
By:  Elizabeth Hardy (P37426)
         Thomas J. Davis (P78626)
Attorneys for Defendants
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
Dated: March 10, 2020              tdavis@khvpf.com

---

[3] *Cf. Consol. Tel. Serv., Inc. v. City of Frankfort,* 857 F.2d 354, 359 n. 4 (6th Cir. 1988) (applying estoppel to undisputed preliminary allegation "necessary" for court to hear the dispute).

**Certificate of Service**

I hereby certify that on March 10, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all parties on record.


/s/*Elizabeth Hardy*
Elizabeth Hardy (P37426)
Kienbaum Hardy Viviano
 Pelton & Forrest,  P.L.C.
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com

364562